# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52112

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

ALICIA MARIE ORTEGA,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: June 26, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction and suspended, unified sentence of five years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

    Alicia Marie Ortega pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c). In exchange for her guilty plea, the State agreed to dismiss an additional charge in the instant case and two other charges in a separate case. The district court sentenced Ortega to a unified term of five years, with a minimum period of confinement of two years; however, the district court suspended the sentence and placed Ortega on probation for five years. Ortega appeals, arguing that her sentence is excessive.

    Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Ortega's judgment of conviction and sentence are affirmed.